UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:24-cv-01928-JWH-KESx; 8:25-cv-00258-JWH-JDEx | Date | March 31, 2025 |
|---|---|---|---|
| Title | *Gideon Akande v. Anthony Geisler, et al.*; *Stefanie Nelson v. Anthony Geisler, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER CONSOLIDATING CASES**

In March 2024, Plaintiff Gideon Akande, derivatively on behalf of Xponential Fitness, Inc., commenced the lead action—Case No. 5:24-cv-01928-JWH—against Defendants John Meloun, Jair Clarke, Mark Grabowski, Chelsea A. Grayson, and Brenda Morris (collectively, the "Individual Defendants") and against Nominal Defendant Xponential.[1]  The Lead Case was later consolidated with a related action—Case No. 2:24-cv-03937-JWH—in which Plaintiff Patrick Ayers also asserted claims against the Individual Defendants and Xponential (collectively, "Defendants"), again, derivatively on behalf of

---

[1]   Compl. [ECF No. 1 in Case No. 5:24-cv-01928 JWH (the "Lead Case")].

Xponential.[2] All of the claims relate to an alleged breach of fiduciary duties that caused Xponential to suffer significant liability and damages.[3]

In a separate case filed in February 2025—Case No. 8:25-cv-00258-JWH—Plaintiff Stefanie Nelson asserts similar claims against Defendants.[4]

Courts often find it appropriate to consolidate cases that include the same parties and that share common questions of law and fact. *See* Fed. R. Civ. P. 42(a); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[T]rial courts may consolidate cases *sua sponte*."). Here, the cases include many of the same parties, as well as similar allegations. Accordingly, the Court Ordered the parties to Show Cause why the Lead Case and the Nelson Case should not be consolidated.[5]

The parties agree that the cases should be consolidated.[6] Therefore, the Court hereby **ORDERS** as follows:

1. The Nelson Case is **CONSOLIDATED**, for pretrial purposes, with the Lead Case. All future filings should be entered on the docket of only the Lead Case.

2. The Clerk is **DIRECTED** to close the Nelson Case administratively.

---

[2]  *See* Order Re Joint Stipulation to Consolidate Derivative Actions (the "Order Regarding Consolidation") [ECF No. 25 in Case No. 2:24-cv-03937-JWH].

[3]  *See generally id.*

[4]  *See* Compl. [ECF No. 1 in Case No. 8:25-cv-00258-JWH-JDEx (the "Nelson Case")].

[5]  *See* Order to Show Case Re Consolidation (the "OSC") [ECF No. 31 in the Lead Case and ECF No. 10 in the Nelson Case].

[6]  *See* Pls.' Response to the OSC [ECF No. 32 in the Lead Case]; Pl.'s Response to the OSC [ECF No. 11 in the Nelson Case].

3. The OSC is **DISCHARGED**. The hearing on the OSC set for April 4, 2025, is **VACATED**.

**IT IS SO ORDERED.**